THOMAS F. HARRISON, PROSECUTOR, v. CURTISS-WRIGHT CORPORATION, RESPONDENT.

Argued October 2, 1946—Decided November 6, 1946.

Before Justices PARKER and DONGES.

For the prosecutor, *Isadore Rabinowitz* and *Paul Rittenberg.*

For the respondent, *John W. Taylor.*

The opinion of the court was delivered by

PARKER, J. · This is a workmen's compensation case of the "hernia" class. The deputy commissioner found as a fact, "that there was no such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia." *R. S.* 34:15–12 x. Accordingly, he dismissed the petition. On appeal to the Common Pleas, that court affirmed the dismissal, but on the ground that petitioner failed to comply with the fifth requirement of the "hernia" statute, that "there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia;" citing and relying on *Black* v. *DeVries,* 133 *N. J. L.* 368, as directly in point. That case expressly holds that the word "required" in the act means more than "needed" or "necessary" and connotes an actual attendance by the physician. To quote the concluding language of the opinion, "the statute calls for attendance by a licensed physician within twenty-four hours," and does not refer to mere need of such attendance, or even a futile request therefor.

In this case, as in many others, there was a regular plant physician, but he was not available at the time. But that fact does not help the petitioner. Comparatively few employers have a staff physician on duty at the plant. The gist of the statutory requirement is prompt resort by the injured party to some licensed physician for diagnosis and treatment. That was not done, and for this reason the judgment of the Pleas will be affirmed.